[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff Monarch Accounting Supplies, has brought this action against the defendant Stratford Land Development (Stratford), its lessor, and others, for damages to its property resulting from a fire which occurred on an adjacent property on December 16, 1992. Stratford was both the plaintiff's lessor and the sublessor of the adjacent property on the date the fire occurred. Stratford has moved for summary judgment on the ground that the plaintiff is prevented from bringing an action against it by the terms of a lease executed between the parties in July 1978. The fire which caused the damage to the plaintiff's property occurred nearly four years after the lease expired and two years before a new lease between the parties was executed.
The defendant argues that the terms of the July 1978 lease were in effect at the time of the fire because the parties intended them to apply and because the plaintiff remained a tenant, continued to pay the same rent, and continued to perform many of the other duties required by the original lease.[1] The plaintiff argues that no agreement was in effect during the hiatus period, as evidenced by the fact that a rent schedule was not agreed upon until the new lease was executed in March 1994, and that there are genuine issues of material fact concerning the conduct and intent of the parties during the hiatus period.
The court agrees with the plaintiff. The holding over by a tenant and the acquiescence therein by the landlord do not in themselves create a contract by implication. Welk v. Bidwell,136 Conn. 603, 73 A.2d 295 (1950). See also General Statutes § 43a-3d (holding over by tenant is not evidence of a new lease). Whether the terms of the earlier lease between the parties were in effect during the hiatus period turns on the conduct and intent of the parties. Such inquiries are inappropriate for resolution by summary judgment. See Nolan v. Borkowski, 206 Conn. 495,505, 538 A.2d 1031 (1988).[2] Accordingly, the defendant's motion for summary judgment is denied. CT Page 5261-SSSSSSS
THIM, JUDGE